MARTIN Y. BUNN, APPELLANT, v. MICHAEL DALY AND
JOHN DALY, RESPONDENTS.

*Supplementary proceedings — when a receiver to sell the real estate of the debtor, should
not be appointed.*

Where, upon the examination of a judgment debtor in supplementary proceed-
ings, it appears that he has an estate in land, as a tenant by the curtesy, and it
is not shown that an execution has been issued and returned upon the judg-
ment since he acquired the said estate, a receiver to sell the same should not be
appointed, but the creditor should issue an execution upon his judgment and
sell the debtor's estate thereunder.

APPEAL from an order made at Special Term, denying a motion
for the appointment of a receiver.

*C. A. & A. D. Peake*, for the appellant.

*James P. Sanders*, for the respondents.

GILBERT, J.:

This is an appeal from an order denying a motion for the appoint-
ment of a receiver in supplementary proceedings.

Upon the examination of the judgment debtor it appeared that
he had an estate as tenant by the courtesy in certain real estate
which he acquired by the death of his wife, in January, 1879.

The judgment was recovered in January, 1876, and an execution
was issued thereon and returned unsatisfied.

It does not appear when this execution was issued or returned,
but we think it is enough that it does not appear that an execution
has been issued and returned since the judgment debtor acquired
the property discovered on his examination.

The intent of the Code is to give the summary remedy provided
by proceedings supplementary to execution only after the legal
remedy has been exhausted. The statutes in relation to these pro-
ceedings and to the sale of real and personal property on execution,
are *in pari materia* and must be construed together. The property
of the judgment debtor discovered in this case is a freehold estate

in lands. The statute provides for the sale on execution of such estate, and gives the judgment debtor one year after the sale to redeem. The appointment of a receiver of said property would deprive the judgment debtor of the right conferred by that statute. We think the provisions of the Code were not intended to produce that result.

The order must, therefore, be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred in the result; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.